**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 30 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RONALD A. FLATE, individual; GRETA G. FLATE, individual, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> NATIONSTAR MORTGAGE, LLC, <br><br> Defendant-Appellee. | No. 16-55500 <br><br> D.C. No. 2:15-cv-08873-AB-FFM <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Andre Birotte, Jr., District Judge, Presiding

Argued and Submitted June 13, 2017
San Francisco, California

Before: SCHROEDER and N.R. SMITH, Circuit Judges, and BATTAGLIA,[**] District Judge.

Ronald and Greta Flate filed this action in California state court challenging

Nationstar Mortgage's handling of their application for modification of their home

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Anthony J. Battaglia, United States District Judge for the Southern District of California, sitting by designation.

loan. After removal to federal court, the court dismissed under Federal Rule of Civil Procedure 12(b)(6). The Flates appeal the dismissal of two of their state law claims and the denial of their claims under federal law, chiefly Regulation X, 12 C.F.R. § 1024.41.

Plaintiffs sought damages under California Civil Code section 2923.7 based on Defendant's failure to provide a single point of contact. Damages under section 2923.7 are available only "[a]fter a trustee's deed upon sale has been recorded." Cal. Civ. Code § 2924.12(b). Plaintiffs failed to allege that their home was sold or that a trustee's deed upon sale has been recorded. Therefore, the district court properly dismissed this claim, because damages are not an actionable remedy.

Plaintiffs sought damages under California Civil Code section 2923.6(c). Section 2923.6(c) provides that, if a borrower has submitted "a complete application for a first lien loan modification," a mortgage servicer cannot "record a notice of . . . sale." An application for a first lien loan modification is not complete until all of the required documents are supplied to the mortgage servicer. *See* Cal. Civ. Code § 2923.6(h). Plaintiffs allege that Defendants violated section 2923.6(c) by recording a Notice of Trustee's Sale on January 20, 2015. But Plaintiffs did not "complete" their loan modification application until January 23, 2015, when the Plaintiffs submitted the final required documents. Therefore, the district court

2

properly dismissed Plaintiffs' section 2923.6(c) claim for failing to state a claim upon which relief can be granted.

Plaintiffs sought damages under several provisions of Regulation X, 12 C.F.R. § 1024.41. To state a claim under Regulation X, Plaintiffs must allege "actual damages to the borrower as a result of the failure" to comply with any of the provisions in the statute. 12 C.F.R. § 2605(f). Plaintiffs plead nothing more than conclusory allegations that Defendant's alleged violations caused actual damages. Therefore, the district court properly dismissed the federal claims.

**AFFIRMED**.